# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4648 | **DATE** | 12/17/2012 |
| **CASE TITLE** | Ambrose vs. Kerr | | |

**DOCKET ENTRY TEXT**

Defendants', Scott Kerr and the City of St. Charles, motion to dismiss the amended complaint [5] is granted. The amended complaint [1, Ex. C] is dismissed with prejudice. Case dismissed with prejudice. Case is terminated. See statement section.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On December 12, 2011, Holly Kelly Ambrose ("Ambrose") filed a four-count complaint against St. Charles Police Officer Scott Kerr ("Kerr") and the City of St. Charles ("City") (collectively referred to as "defendants") in the Circuit Court of Kane County, Illinois alleging state law causes of action for negligence, battery, and willful and wanton conduct stemming from her December 10, 2009 arrest by Kerr. On December 30, 2011, defendants filed a motion to dismiss, and on May 17, 2012, the Illinois state court granted Ambrose leave to file an amended complaint. On June 4, 2012, Ambrose filed a two-count amended complaint alleging that the defendant officers[1] were liable for using excessive force in violation of the Fourth Amendment and seeking indemnification from the City under 745 ILL. COMP. STAT. 10/9-102. On June 14, 2012, defendants removed this lawsuit to federal court invoking this court's federal question jurisdiction under 28 U.S.C. § 1331.

### I.   Background

On December 10, 2009, while driving in the City, Ambrose lost control of her vehicle after skidding on black ice and collided with a tree. She suffered severe head trauma because of the accident. Kerr was on duty at the time of Ambrose's accident and responded to the scene. Although Ambrose was injured and required medical care, Kerr took her into custody and brought her to the police station. Immediately before entering the police station, Kerr kicked Ambrose several times while she was handcuffed. After arriving at the police station, Kerr seated Ambrose (who was still handcuffed) in a chair. Kerr then kicked Ambrose knocking her to the ground. Kerr pulled up Ambrose by her hair and placed her back in the chair. Ambrose contends that she was suffering from brain injuries while at the police station. No one, however, offered Ambrose medical attention although she requested it.

### II.   Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure

to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *GE Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

**III.     Count I - The § 1983 Claim**

Defendants argue that Ambrose's § 1983 claim should be dismissed because the statute of limitations has run. While § 1983 does not impose an express statute of limitations, § 1983 claims are governed by the forum state's statute of limitations for personal injury claims. *Henderson* v. *Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Under Illinois law, that time period is two years. 735 ILL. COMP. STAT. 5/13-202. Federal law, moreover, determines when a § 1983 claim accrues. *Wilson* v. *Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Under federal law, § 1983 claims begin to accrue when a plaintiff knows or has reason to know that her constitutional rights had been violated. *Id.* Ambrose's § 1983 claim for excessive force accrued on December 10, 2009, when Officer Kerr allegedly used excessive force during her arrest. *See Adebiyi* v. *Felgenhauer*, No. 08 C 6837, 2010 WL 1644255, at *3 (N.D. Ill. Apr. 20, 2010) ("A cause of action for [] excessive force accrues on the date of the excessive force."); *Foryoh* v. *Hannah-Porter*, 428 F. Supp. 2d 816, 819 (N.D. Ill. 2006) (excessive force claim arising from an arrest accrued at the time of the arrest). Ambrose filed her amended complaint on June 4, 2012, more than two years after her § 1983 claim accrued. Ambrose's § 1983 claim thus was not timely filed.

Ambrose argues that her § 1983 claim is timely because her amended complaint relates back to the date of her original complaint. Federal Rule of Civil Procedure 15(c) allows an amended complaint to relate back to an earlier filed complaint to toll the applicable statute of limitations if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out- -or attempted to be set out- -in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). The original complaint, however, must have been filed within the applicable statute of limitations. *Henderson*, 253 F.3d at 931. Under Illinois law, the applicable statute of limitations for tort claims against municipalities or its employees is one year. *See* 745 ILL. COMP. STAT. 10/8-101(a). Ambrose's original complaint alleged four state law causes of action for personal injuries that she suffered on December 10, 2009; she filed her original complaint, however, on December 12, 2011 more than two years after the incident. *See Evans* v. *City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) (a cause of action for personal injuries accrues at the time of the injury under Illinois law). Ambrose's original complaint was not timely filed and she thus cannot rely on it to resurrect her untimely § 1983 claim. *See Williams* v. *Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("If an original complaint against Illinois local governmental defendants is not filed within one year of the injury and does not claim a constitutional violation, we will not deem a later § 1983 claim timely merely because it rests on the same factual allegations included in the original complaint.") (citing *Henderson*, 253 F.3d at 932 n.3).[2]

Ambrose further argues that the statute of limitations does not bar her § 1983 claim because (1) her original complaint falls within an exception to the one-year statute of limitations provided by the Illinois Tort Immunity Act, and (2) her original complaint pleaded a federal claim within the two-year statute of

| STATEMENT |
|---|

limitations. First, Ambrose points out that count I of her original complaint (titled "Negligence, Willful and Wanton") stated a claim for willful and wanton disregard arising out of patient care based on Kerr's failure to provide medical attention. The Illinois Tort Immunity Act creates a two-year statute of limitations for such claims. *See* 745 ILL. COMP. STAT. 10/8-101(b). Still, Ambrose filed her original complaint outside the two-year window and it would have been untimely regardless of whether she brought count I as a claim arising out of patient care.[3] Ambrose additionally argues that count I in her original complaint stated a federal claim for deliberate indifference for failing to provide medical care under the Eighth and Fourteenth Amendments of the United States Constitution.[4] Even if the court construed Ambrose's claim in count I of her original complaint as a federal claim, it still would be untimely as Ambrose failed to file suit within two years of the conduct giving rise to the claim. *See Mounson* v. *Frey*, No. 08 C 760, 2010 WL 3881408, at *1 (S.D. Ill. Mar. 17, 2010) (the plaintiff's medical deliberate indifference claim was governed by a two-year statute of limitations) (citing *Ashafa* v. *City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998)). Ambrose's arguments fall short and do not defeat the bar of the statute of limitations. Ambrose's § 1983 claim in count I is thus dismissed.

### IV.     Count II - The Indemnification Claim

Defendants argue that Ambrose's indemnification claim against the City is not viable as her § 1983 claim was untimely. Under Illinois law, a "local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILL. COMP. STAT. 10/2-109. Ambrose's indemnification claim presupposes liability against Kerr, and because her only claim against Kerr is time-barred, her indemnification claim also fails. Accordingly, Ambrose's indemnification claim in count II is dismissed.

---

1. Ambrose did not name other police officers, besides Kerr, as defendants in her amended complaint.

2. Rule 15(c) carves out an additional exception by allowing an amendment to relate back to an earlier filed pleading if permitted by the state law that provides the applicable statute of limitations. Fed. R. Civ. P. 15(c)(1)(A). Under Illinois law, a party seeking to have an amendment relate back must show that "(1) the original complaint was timely filed, and (2) the amended complaint grew out of the same transaction or occurrence set forth in the original pleading." *Henderson*, 253 F.3d at 932–33 (citing 735 ILL. COMP. STAT. 5/2-616(b)). The exception articulated in Rule 15(c)(1)(A) does not apply because Ambrose's original complaint was not timely. *See Henderson*, 253 F.3d at 933.

3. Ambrose also failed to cite any authority where a plaintiff brought a tort claim arising out of patient care pursuant to § 8-101(b) against a police officer who failed to summons medical care. A court in this district construing the statute ruled that it was inapplicable to police officers. *See Dobrzeniecki* v. *Salisbury*, No. 11 C 7956, 2012 WL 1531278, at *9 (N.D. Ill. Apr. 27, 2012) ("Although the definition of patient care is broad, the court finds that it stretches the statute too far to find that [the plaintiff's] claims against [the defendant officers] arose out of patient care. [The defendant officers] were not in the business of providing patient care. Further . . . the duties that [the defendant officers] owed [the plaintiff] arose not from any duty to provide patient care, but from their duty as police officers to seize a person only with probable cause.").

4. In *Henderson*, the Seventh Circuit held that a plaintiff cannot rely on a federal claim that he or she failed to plead in her original complaint to invoke the relation back doctrine to resurrect an untimely amended complaint. *See Henderson*, 253 F.3d at 932 n.3 ("[The plaintiff's] original complaint contains no reference to any violation of his constitutional rights . . . . While, based on the facts alleged, the defendants might have reasonably expected an amendment to include a federal claim, the original complaint did not contain one. The fact that the action was brought in state court supports this

conclusion.") (citation omitted).