UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLY KELLY AMBROSE | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 12 CV 4648 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| SCOTT KERR and the CITY OF ST. CHARLES | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Plaintiff, Holly Kelly Ambrose, has moved for reconsideration [dkt. 15] of this court's ruling dismissing her amended complaint with prejudice [dkt 14]. For the reasons stated, Ambrose's motion is granted; on reconsideration, however, the court adheres to its earlier conclusion that the amended complaint must be dismissed because it is barred by the statute of limitations.

### BACKGROUND

On December 12, 2011, Ambrose filed a four-count complaint in an Illinois court alleging causes of action for negligence, battery, and willful and wanton conduct stemming from her December 10, 2009 arrest by Officer Scott Kerr of the City of St. Charles Police Department. The complaint named Kerr and the City of St. Charles as defendants. On June 4, 2012, Ambrose filed a two-count amended complaint abandoning her state law claims and alleging only a § 1983 claim premised on excessive force against Kerr and other unnamed officers and a statutory indemnification claim against St. Charles. On June 14, 2012, defendants removed the case to this court.

On December 17, 2012, this court granted defendants' motion to dismiss on the basis that, even assuming that the amended complaint related back to the filing date of the original complaint, the original complaint was filed outside the two-year time period for bringing a § 1983 claim, dooming the amended complaint as well. In her motion for reconsideration, Ambrose argues that her original complaint was timely filed because two years ran on Saturday, December 10, 2011, and she filed on the next business day, December 12, 2011 as permitted by law.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a court to grant a motion to reconsider a prior ruling when that ruling was made on a manifest error of law or fact. Fed. R. Civ. P. 59(e). A motion to reconsider serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence. *Whitten* v. *ARS Natl. Servs., Inc.*, 00 C 6080, 2002 WL 1332001, at *1 (N.D. Ill. June 18, 2002) (citing *Rothwell Cotton Co.* v. *Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). The motion also serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (quoting *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

**I.      Whether Ambrose's Original Complaint Was Filed Within Two Years of the Incident Giving Rise to Her Claims**

Ambrose is correct that the court misapprehended the facts in measuring the timeliness of the original complaint (an issue first raised in defendants' reply memorandum). Under Rule 6(a), which governs computation of time, if the last day of a time period falls on a weekend, the

period continues to run until the next business day. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Courts apply Rule 6(a) in determining whether the statute of limitations has run. *See*, *e.g.*, *Henderson* v. *Bolanda*, 253 F.3d 928, 931 n.2 (7th Cir. 2001) ("The two-year statute of limitations for any Section 1983 claim arising out of [the plaintiff's] arrest expired on May 8, 1999. However, since that date fell on a Saturday, the time period was extended until the next business day, or May 10, 1999.") (citing Fed. R. Civ. P. 6(a)); *Trevathan* v. *Walker*, 06-cv-4044, 2006 WL 3420291, at *3 (S.D. Ill. Nov. 27, 2006) ("Although Rule 6(a) does not expressly mentions statutes of limitations, courts generally apply it to computing federal statutes of limitation when the statute does not specifically instruct how to compute the limitations period."). Because December 10, 2011 was a Saturday and Ambrose filed her original complaint the following Monday, December 12, 2011, her original complaint is deemed to have been filed within two years of the December 10, 2009 incident.

## II. Whether Ambrose's Untimely § 1983 Claim in Her Amended Complaint Relates Back to Her Original Complaint

The timeliness of the original complaint does not matter, however, unless Ambrose's amended complaint filed June 4, 2012 relates back to the filing date of the original complaint. Under Rule 15(c), an amended complaint can relate back to an earlier filed complaint if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading[.]" Fed. R. Civ. P. 15(c). Ambrose now argues that her original complaint alternatively stated claims for (1) willful and wanton

disregard arising out of patient care and (2) deliberate indifference for failing to provide medical care in violation of the Eighth and Fourteenth Amendments. Both of these claims have a two-year statute of limitations.

### A. Whether Ambrose's Original Complaint Included A Claim Arising Under Patient Care

First, Ambrose argues that she stated a claim for willful and wanton conduct arising out of patient care. While the Illinois Tort Immunity Act carves out a one-year statute of limitations for lawsuits against public entities and employees, it creates an exception for claims "arising out of patient care." 745 ILL. COMP. STAT. 10/8-101(a); (b).[1] In instances where a tort action arises out of patient care, the statute of limitations is two years. *Id.*[2]

The Illinois Supreme Court construes the phrase "arising out of patient care" under § 8-101(b) broadly but "not so broad as to encompass 'but for' causation." *Kaufmann* v. *Schroeder*,

---

[1] Section 8-101(b) provides,

No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, *arising out of patient care* shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of those dates occurs first, but in no event shall such an action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death.

745 ILL. COMP. STAT. 10/8-101(b) (emphasis added).

[2] The rationale for this exception was to provide consistency under Illinois law. Prior to the codification of § 8-101(b), lawsuits arising out of patient care against private entities or individuals had a two-year statute of limitations while the same lawsuits against government entities or employees had a one-year statute of limitations. *See* 735 ILL. COMP. STAT. 5/13-212(a); *Kaufmann* v. *Schroeder*, 946 N.E. 2d 345, 348–49, 241 Ill. 2d 194, 349 Ill. Dec. 151 (Ill. 2011). The Illinois General Assembly passed § 8-101(b), which made the statute of limitations two years for a lawsuit arising out of patient care regardless of whether the defendant was private or public. *Id.*

4

946 N.E.2d 345, 349, 241 Ill. 2d 194, 349 Ill. Dec. 151 (2011).[3] In *Kaufmann*, the plaintiff, who sued her physician and the public hospital that employed him for sexual battery while the plaintiff was under anesthesia during her hospitalization, argued that § 8-101(b)'s two-year statute of limitations applied because her injuries arose out of patient care. *Id*. at 346–47. The Illinois Supreme Court held that the plaintiff's injury was the result of a sexual battery, not of medical care she received from the physician at the defendant hospital, and thus did not arise out of patient care. *Id*. at 349–50. Her complaint filed a year after the incident was thus time barred under the Illinois Tort Immunity Act. *Id*.

Ambrose asks the court to treat her *pro se* original complaint asserting negligence and willful and wanton conduct as one arising out of patient care because all the claims stem from the same incident. Even if she is given the benefit of the doubt in that regard, however, Ambrose's alleged injury falls outside the boundary set in *Kaufmann* because it did not arise out of medical care that she received as a patient. Ambrose's injury arises from the officers' allegedly deliberate indifference to her need for medical care rather than the medical care that was provided. This is a "but for" theory of causation. One other court in this district has rejected the argument Ambrose makes. In *Dobrzeniecki* v. *Salisbury*, No. 11 C 7956, 2012 WL 1531278, at **8–9 (N.D. Ill. April 27, 2012), the court stated,

> [The plaintiff] cites no cases analogous to this one in which a claim against police for an allegedly wrongful involuntary commitment has been found to arise out of patient care. Nor has this court found any cases on point. . . . [The defendant officers] were not in the business of providing patient care. Further, as the Second Amended Complaint acknowledges, the duties that [the defendant officers] owed [the

---

[3] The court relied on a previous interpretation of "arising out of patient care" treating another statute of limitations, ILL. COMP. STAT. 5/13-212(a). *See Brucker* v. *Mercola*, 886 N.E. 2d 306, 319, 227 Ill. 2d 502, 319 Ill. Dec. 543 (2007).

5

>plaintiff] arose not from any duty to provide patient care, but from their duties as police officers to seize a person only with probable cause.

The court thus finds that Ambrose's original complaint did not raise a claim for willful and wanton conduct arising out of patient care.

### B. Whether Ambrose's Original Complaint Included A Claim for Deliberate Indifference under the Eighth and Fourteenth Amendments

Second, Ambrose argues that because the facts alleged in count I of her original complaint were sufficient to state a claim for deliberate indifference under the Eighth and Fourteenth Amendments for failure to provide medical care, *see Munson* v. *Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (citing *Estelle* v. *Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), her federal claim for excessive force should be deemed timely under a relation back theory.

As an initial matter, Seventh Circuit law casts serious doubt on Ambrose's argument that a claim for deliberate indifference was stated in the original complaint. *See, e.g.*, *Williams* v. *Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("If an original complaint against Illinois local governmental defendants is not filed within one year of the injury and does not claim a constitutional violation, we will not deem a later § 1983 claim timely merely because it rests on the same factual allegations included in the original complaint."); *Henderson*, 253 F.3d at 932 n.3 ("[The plaintiff's] original complaint contains no reference to any violation of his constitutional rights. . . . While, based on the facts alleged, the defendants might have reasonably expected an amendment to include a federal claim, the original complaint itself did not contain one. The fact that his action was brought in state court supports this conclusion."). But even

6

conceding that argument in Ambrose's favor,[4] she bases her § 1983 claim on excessive force and the court cannot conclude that the original complaint pleads sufficient facts to state a claim for excessive force. The only reference in the original complaint to Officer Kerr's use of force was that he "took her roughly into custody" and proceeded to force Ambrose (who had fallen to the ground before entering the police station) into the "station house, using only his feet." Orig. Compl. ¶¶ 8–9 (dkt. 1-1). The amended complaint, by contrast, alleges that after Ambrose was taken into custody, "OFFICER KERR kicked [her] on multiple occassions [*sic*] . . . immediately before the PLAINTIFF entered the police station booking room." Am. Compl. ¶¶ 11-12 (dkt. 1-3). Even liberally construed, as a *pro se* complaint must be, *see Erickson* v. *Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), the original complaint does not permit an inference that excessive force was used on Ambrose inside the police station near the booking room.

Had Ambrose retained counsel in the beginning, she argues, her counsel would have included the federal claims and filed the lawsuit in federal court to remedy any statute of limitations issue. While counsel might well have done better than Ambrose *pro se*, Ambrose proceeded alone, filed at the last possible moment and, undoubtedly aware of the injury she

---

[4] The Seventh Circuit seems to have inconsistent lines of cases, on the one hand requiring explicit pleading of a constitutional claim as a prerequisite to relation back of an amended complaint while, on the other hand, permitting a new theory of liability to be inserted past the limitations bar at the summary judgment stage. *Compare Williams* and *Henderson* with *Hatmaker* v. *Memorial Medical Center* 619 F.3d 741, 743 (7th Cir. 2010) (allowing unpleaded theory of liability at summary judgment stage and stating, "Although *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* require that a complaint in federal court allege facts sufficient to show that the case is plausible, they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories.") (internal citations omitted); *but see Williams* v. *City of Chicago*, 10 C 6234, 2012 WL 4434678, at *6 (N.D. Ill. Sept. 19, 2012) ("Unlike *Hatmaker*–where the plaintiff pled facts but failed to plead the proper legal theory–[the plaintiff's] complaint fails to plead any facts in support of additional claims he seeks to assert.").

sustained on December 10, 2009, failed to allege facts sufficient to permit an inference that Kerr used excessive force. *Cf. Tate* v. *McCann*, 08 C 5664, 2010 WL 2557744, at *8 (N.D. Ill. June 21, 2010) (no relation back or equitable tolling where "[p]laintiff [by counsel] waited until near the end of his limitations period to file his lawsuit, even though his allegations reference brutal beatings and substantial injuries, of which he was certainly aware of at the time that the incidents took place.").

In short, because Ambrose's only claims in her original complaint were state law causes of action barred by the Illinois Tort Immunity Act and her original complaint alleges no facts supporting a federal claim of excessive force, she cannot invoke Rule 15(c)'s relation back doctrine to save her excessive force claim. *See Williams*, 399 F.3d at 870 ("[E]ven though [the plaintiff's] § 1983 claim arises from the same incident as her tort claims, and even though her original complaint was filed within two years of that incident, her § 1983 [claim] was time-barred because the tort claims were not timely filed."). And because Ambrose's § 1983 claim is untimely, the statutory indemnification claim in count II of her amended complaint that presupposes liability based on a claim of excessive force under § 1983 also fails.

**ORDER**

Plaintiff's amended complaint is dismissed with prejudice.

Dated: January 8, 2013          Enter: _____
                                       JOAN HUMPHREY LEFKOW
                                       United States District Judge